## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| George Spicer III | ) |
| 2203 Rockhaven Avenue | ) |
| Catonsville, MD 21228 | ) |
|         Plaintiff | ) |
| | ) CIVIL ACTION NO. |
| | ) |
|         vs. | ) |
| | ) |
| Assetcare, Inc. | ) |
| 5100 Peachtree Industrial Boulevard | ) |
| Norcross, GA 30071 | ) JURY TRIAL DEMANDED |
| | ) |
| Medclr, Inc. | ) |
| 1201 Market Street | ) |
| Suite 800 | ) |
| Wilmington, DE 19801 | ) |
| | ) |
| Inovision-Medclr-NCOP-F, LLC | ) |
| 507 Prudential Road | ) |
| Horsham, PA 19044 | ) |
|         Defendants | ) |
| | ) |

## COMPLAINT

Plaintiff, George Spicer III, by and through his counsel, Sonya A. Smith-Valentine, Esq. and Valentine Legal Group, LLC, brings this action against Defendants Assetcare, Inc., Medclr, Inc., and Inovision-Medclr-NCOP-F, LLC, on the grounds set forth herein:

## I. PRELIMINARY STATEMENT

1.      This is an action for damages by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); for violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, §14-201, *et seq.* (hereinafter "Maryland Debt Act"); and for violations of the Maryland Consumer

Protection Act, Md. Code Ann, Com. Law §13-101 *et seq.* by these Defendants in their efforts to collect a consumer debt.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692 and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff, George Spicer III, is a natural person residing in the State of Maryland and is a "consumer" as that term is defined by the FDCPA and is a "person" as that term is defined by the Maryland Debt Act and the Maryland Consumer Protection Act.

4.      Defendant Assetcare, Inc. is a foreign corporation engaged in the business of collecting debts in this state.  Assetcare is a "debt collector" as defined by the FDCPA and is a "collector" as that term is defined by the Maryland Debt Act.  The principal purpose of Assetcare is the collection of debts using the mails and telephone.  Assetcare regularly attempts to collect debts alleged to be due another.

5.      Defendant Medclr, Inc. is a foreign corporation engaged in the business of collecting debts in this state.  Medclr is a "debt collector" as defined by the FDCPA and is a "collector" as that term is defined by the Maryland Debt Act.  The principal purpose of Medclr is the collection of debts using the mails and telephone. Medclr regularly attempts to collect debts alleged to be due another or defaulted debt that it has purchased.

6.      Defendant Inovision-Medclr-NCOP-F, LLC (hereinafter "Inovision") is a foreign corporation engaged in the business of collecting debts in this state.  Inovision is a "debt collector" as defined by the FDCPA and is a "collector" as that term is defined by the Maryland

Debt Act.  The principal purpose of Inovision is the collection of debts using the mails and telephone. Inovision regularly attempts to collect debts alleged to be due another or defaulted debt that it has purchased.

### IV. FACTUAL ALLEGATIONS

7.      The Defendants has engaged in a campaign of debt collection abuse aimed at the Plaintiff.

8.      Sometime prior to 2002, Plaintiff's adult son incurred a debt which was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA and is a "consumer transaction" as that term is defined by the Maryland Debt Act, namely a medical debt with Laurel Regional Hospital (hereinafter "the Debt").

9.      Upon information and belief, the Debt was consigned, placed, transferred or otherwise obtained by Defendants for collection from Plaintiff.

10.     In April 2007, Plaintiff began receiving numerous telephone calls and correspondence from Defendants in an attempt to collect the Debt.

11.     Plaintiff informed the Defendants that the Debt did not belong to him.  Plaintiff informed Defendants that the Debt belonged to his adult son.  Plaintiff requested that the Defendants cease contacting him.

12.     In July 2007, Plaintiff again received telephone calls from the Defendants in an attempt to collect the Debt.

13.     In December 2007, Plaintiff again received correspondence from the Defendants in an attempt to collect the Debt.

14.     From December 2007 through March 2008, Plaintiff continued to receive telephone calls and correspondence from Defendants in an attempt to collect the Debt although Plaintiff had previously informed the Defendants that the Debt did not belong to him and to stop calling him.

15.     As a result of the acts and omissions of the Defendants, Plaintiff has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, irritability, and frustration.

## V. CLAIMS FOR RELIEF

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

17.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations the FDCPA, including, but not limited to, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.

18.     As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k, statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k from Defendant.

### COUNT II

### VIOLATIONS OF THE MARYLAND DEBT COLLECTION ACT

19.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

20.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations the Maryland Debt Collection Act, including, but not limited to, Md. Code Ann. Com. Law. §14-202(6) and Md. Code Ann. Com. Law. §14-202(8).

21.     As a result of Defendants' violations of the Maryland Debt Collection Act, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §14-203 from Defendant.

## COUNT III.

## VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

22.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

23.     The foregoing acts and omissions of Defendants constitute a violation the Maryland Consumer Protection Act, Md. Code Ann. Com. Law. §13-301 et seq., as a violation of the Maryland Debt Collection Act is also a violation of the Maryland Consumer Protection Act as an unfair and deceptive trade practice.

24.     As a result of Defendants' violation of the Maryland Consumer Protection Act, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §13-408 from Defendants and reasonable attorney's fees and costs pursuant to Md. Code Ann. Com. Law. §13-408 from Defendants.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A.     Actual Damages;

B     Statutory damages;

C.     Costs and reasonable attorney's fees; and

E.     For such other and further relief as may be just and proper.

Respectfully submitted,
**Valentine Legal Group, LLC**

By:

_____

Sonya A. Smith-Valentine, Esq. (27079)
7319 Hanover Parkway, Suite C
Greenbelt, MD 20770
Tel:  301-513-9500
Fax:  866-301-9155

Dated: April 25, 2008                          Attorney for Plaintiff